# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7434 PA (AGRx) | Date | August 28, 2018 |
|---|---|---|---|
| Title | Janelle Miconi v. Sunrise Senior Living, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Sunrise Senior Living, LLC; Sunrise Senior Living Management, Inc.; and Sunrise of Santa Monica ("Defendants") on August 24, 2018. Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Janelle Miconi ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

The Notice of Removal alleges that "Plaintiff resides in California and is a citizen of California. (See Tab 1, Compl., ¶ 1)." (Notice of Removal ¶ 7(a).) As support for their allegations concerning Plaintiff's citizenship, Defendants rely solely on the Complaint, which alleges only that Plaintiff "is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California." (Notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7434 PA (AGRx) | Date | August 28, 2018 |
|---|---|---|---|
| Title | Janelle Miconi v. Sunrise Senior Living, LLC, et al. | | |

Removal Tab 1, Docket No. 1-1 at 2.) The Complaint does not allege Plaintiff's state of domicile or citizenship. (See id.) Because an individual is not necessarily domiciled where he or she resides, Defendants' allegation concerning Plaintiff's citizenship, based on the Complaint's allegation of residence, is insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegation of Plaintiff's citizenship is insufficient to invoke this Court's diversity jurisdiction.

Furthermore, even if Defendants had established Plaintiff's citizenship, diversity would not exist because defendant Mary Perez ("Perez") also is a California citizen. (Notice of Removal ¶ 8(a).) Defendants contend, however, that the Court should disregard Perez's citizenship because she is a fraudulently joined sham defendant. (Id. ¶ 8.) The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7434 PA (AGRx) | Date | August 28, 2018 |
|---|---|---|---|
| Title | Janelle Miconi v. Sunrise Senior Living, LLC, et al. | | |

    At least on this record, the Court cannot conclude that Perez is fraudulently joined. Defendants contend that Plaintiff's only cause of action against Perez, for intentional infliction of emotional distress ("IIED"), fails to state a claim and that it is barred by the California Workers' Compensation Act, Cal. Labor Code § 3600 et seq. (Notice of Removal ¶ 8.) However, even if Plaintiff does not currently allege sufficient facts to state a viable claim against Perez, a conclusion that this Court does not reach, Defendants have not established that Plaintiff would not be afforded leave to amend her Complaint to do so. See, e.g., Ontiveros v. Michaels Stores, Inc., No. CV 12-9437 MMM (FMOx), 2013 WL 815975, at *7-9 (C.D. Cal. Mar. 5, 2013) (noting that in "cases in which defendants have argued that a supervisor's alleged conduct was not sufficiently outrageous to support an intentional infliction of emotional distress claim, district courts applying the fraudulent joinder standard have generally concluded that there was a non-fanciful possibility of liability even where the plaintiff's claim appeared relatively weak" (internal quotation marks omitted)). Similarly, Defendants have not demonstrated that even if Plaintiff's claim as currently alleged does not avoid preemption under the Workers' Compensation Act, Plaintiff could not amend her Complaint to avoid preemption. See Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1181 (N.D. Cal. 2003) ("There is no bright line test in determining what behavior is part of the employment relationship or reasonably encompassed within the compensation bargain. Nevertheless, district courts must resolve ambiguities in the controlling state law in favor of the non-removing party when evaluating fraudulent joinder. . . . [T]he preemption contention is heavily fact intensive . . . ."); see also Rios v. Wells Fargo Bank, No. CV 17-7449-R, 2018 WL 704366, at *3 (C.D. Cal. Feb. 5, 2018) ("[Plaintiff's supervisor] pressured Plaintiff each week to limit the amount of overtime paid to employees and implied that Plaintiff should force employees to work overtime without compensation. [He] may have stepped out of his proper role by pressuring Plaintiff to violate labor laws. Further, Plaintiff could be afforded leave to amend his complaint to add additional facts showing that [his] conduct exceeded the risks inherent in employment. Therefore, the WCA may not preempt Plaintiff's IIED claim." (citation omitted)). Accordingly, Defendants have failed to meet their burden to have this Court ignore Perez's citizenship. For this additional reason, Defendants fail to establish diversity of citizenship among the parties.

    For the foregoing reasons, Defendants have failed to satisfy their burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. BC714404, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.